```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 11, 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
IBRAHIM T. WAKIM,

       Plaintiff,

   - against -

MICHAEL CETTA, INC. d/b/a SPARKS
STEAKHOUSE and MICHAEL CETTA,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

10 Civ. 0518 (PAC)(GWG)

ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

  Defendants Michael Cetta, Inc., d/b/a Sparks Steakhouse, Inc. ("Sparks"), and Michael Cetta (collectively, "Defendants"), move for partial reconsideration of the Court's May 17, 2012 order granting in part and denying in part Defendants' motion for summary judgment. Specifically, Defendants seek reconsideration of the portion of the Court's order which denied summary judgment for Defendants on Plaintiff Ibrahim T. Wakim's retaliation claims under the Fair Labor Standards Act and New York Labor Law.

  The standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSC Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is not an opportunity "to reargue those issues already considered when a party does not like the way the original motion was resolved." Benzman v. Whitman, No. 04 Civ. 1888, 2006 WL 3771014, at *4 (S.D.N.Y. Dec. 15, 2006) (internal quotation and citation omitted).

1

Defendants' arguments as to the evidence of causation for Wakim's retaliation claims were already presented in Defendants' summary judgment briefs and raised at oral argument. The Court will not consider them again here, and Defendants cite no controlling law that would alter the Court's decision.

Contrary to Defendants' mischaracterization, the Court did not find that the temporary reassignment of Wakim from runner to front waiter on October 11, 2006 constituted the "adverse employment action" for purposes of causation analysis. Rather, the opinion makes clear that the October 11, 2006 reassignment —which Defendants implemented a mere two weeks after Wakim joined the Duchene class— informed Defendants' actions in September 2009, when Defendants implemented their rotation policy almost immediately after the settlement in Duchene.

Although the three-year period between Wakim's joining the Duchene class and the September 2009 rotation policy is greater than that which would normally suggest a causal connection between protected activity and an adverse employment action, the Second Circuit has not established a bright-line rule to support a finding of causation based on temporal proximity. Rather, courts may "exercise [their] judgment about the permissible inferences that can be drawn from temporal proximity in the context of particular cases." See Kim v. Columbia Univ., 460 Fed. App'x. 23, 24 (2d Cir. 2012) (citing Espinal v. Goord, 558 F.3d 119, 129 (2d Cir. 2009). For the reasons stated in the Court's May 17, 2012 order, the evidence in this record creates a genuine issue of fact as to whether Defendants implemented their rotation policy in September 2009 with an underlying retaliatory animus.

Accordingly, Defendants' motion for reconsideration is denied.

Dated: New York, New York
September 11, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

3