```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
IBRAHIM T. WAKIM,                    :
                                     :
        Plaintiff,                   :
                                     :    10 Civ. 0518 (PAC) (GWG)
        - against -                  :
                                     :    OPINION & ORDER
MICHAEL CETTA, INC., d/b/a SPARKS STEAK:
HOUSE, and MICHAEL CETTA              :
                                     :
        Defendants.                  :
                                     :
------------------------------------x
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 22, 2013
```

HONORABLE PAUL A. CROTTY, United States District Judge:

On January 22, 2010, Plaintiff Ibrahim T. Wakim ("Wakim") initiated this action against Defendants Michael Cetta and Michael Cetta, Inc., d/b/a Sparks Steak House ("Sparks"), alleging disability discrimination and retaliation in connection with Wakim's participation in a wage and hour lawsuit, under the Fair Labor Standards Act, New York State Human Rights Law, New York Labor Law, and the New York City Human Rights Law. Defendants' prior motion for summary judgment was granted with respect to the discrimination claims and denied with respect to the retaliation claims on May 17, 2012. (Dkt. No. 32.) On January 18, 2013, Defendants again moved for summary judgment on Wakim's retaliation claims. For the following reasons, Defendants' motion is granted.

## ANALYSIS[1]

Summary judgment may be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under governing law." Anderson v. Liberty

---

[1] Familiarity with the facts, as set out in the Court's previous summary judgment order, is assumed.

Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of producing evidence on each material element of its claim or defense demonstrating that it is entitled to relief. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party, which "must set forth specific facts showing that there is a genuine issue for trial," wherein "a reasonable jury could return a verdict for the non-moving party." Anderson, 477 U.S. at 248. "In reviewing a summary judgment motion, [the Court] must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

To establish a prima facie case of retaliation under the Fair Labor Standards Act or New York Labor Law, "a plaintiff must show '(1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action.'" Torres v. Gristedes Operating Corp., 628 F. Supp. 2d 447, 471 n.18, 472 (S.D.N.Y. 2008) (quoting Mullins v. City of New York, 554 F. Supp. 2d 483, 488 (S.D.N.Y. 2008)).

Defendants argue that Wakim cannot show any employment action that disadvantaged him. Sparks' rotation policy did not adversely impact him because, by the time of its adoption, Wakim was no longer capable of working.[2] Wakim informed the Social Security Administration ("SSA") that he "became unable to work" and therefore had stopped working on September 7, 2009, due to his physical ailments.[3] (Ex. B[4] at SSA 000019, 000021.) The SSA found that he became disabled "on September 7, 2009, and granted him a notice of award. (Ex. A.)

---

[2] Because the Court finds this argument dispositive, it does not address Defendants' arguments related to damages.
[3] Wakim also informed Dr. Douglas Schwartz ("Dr. Schwartz") on September 14, 2009, that, "as of last week[,] he stopped working as a waiter or in any other work capacity" due to his shoulder, neck and spine injuries. (Ex. H.) Though it has not been provided to the Court, Dr. Schwartz's records indicate that he provided Wakim with a "[l]etter documenting total disability from any and all work." (Id.)
[4] All references to lettered exhibits, such as "Ex. A," refer to exhibits to the declaration of Timothy Pastore.

Accordingly, this Court previously held that Wakim was judicially estopped from asserting that he was capable of working as a runner after September 7, 2009. (Dkt. No. 36 at 12-13.) Sparks did not implement the rotation policy, however, until some unspecified point after September 10, 2009. (Ex. D at 38.)

Since "judicial estoppel prevents [Wakim] from advancing, for purposes of this litigation, the contrary position," namely, that he was capable of working after September 7, 2009, he has failed to establish that he was disadvantaged by the rotation policy. Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 7-8 (2d Cir. 1999). Wakim claims that "all that the law requires to find a disadvantageous action" is that the policy "'might well have dissuaded a reasonable worker from making or supporting [similar] charge[s]'" as those at issue in Duchene. (Pl.'s Opp'n at 15 (quoting Mullins v. City of New York, 626 F.3d 47, 53 (2d Cir. 2010)). This is simply incorrect. Wakim was incapable of working at Sparks when the rotation policy went into effect, such that its implementation could not constitute an "adverse change in the terms and conditions of [his] employment." Joseph v. Leavitt, 465 F.3d 87, 90 (2d Cir. 2006) (internal quotations omitted). Even assuming *arguendo* that Defendants implemented the policy with the specific goal of punishing Wakim for his role in Duchene, they failed in their attempt to do so. Wakim's claim must fail because he was not the subject of any employment action.

Wakim raises two counterarguments, both of which are unavailing. First, he asserts that the application of judicial estoppel is inappropriate because it is not necessary to prevent him from "deriv[ing] an unfair advantage." DeRosa v. Nat'l Envelope Corp., 595 F.3d 99, 102 (2d Cir. 2010). "[J]udicial estopple is an equitable doctrine" meant "to prevent improper use of judicial machinery" and "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." New

Hampshire v. Maine, 532 U.S. 742, 749 (2001) (internal quotations omitted). Judicial estoppels is appropriate here because it would be inequitable to allow Wakim to sue Defendants on the theory that he was capable of working after September 7, 2009, while he continues to collect disability checks from SSA premised on his inability to work after that same date. (Ex. D at 132.)

Second, Wakim argues that judicial estoppel is not applicable because Defendants did not rely on his disability in their decision to implement the rotation policy. Though at least one court has included detrimental reliance as a necessary element of judicial estoppel, see Chevron Corp. v. Donziger, 886 F. Supp. 2d 235, 274 (S.D.N.Y. 2012), it is well-settled that "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." New Hampshire, 532 U.S. at 750. Both the Supreme Court and the Second Circuit have declined to include reliance in listing "factors [that] typically inform the decision to apply the doctrine in a particular case." Id.; see also DeRosa, 595 F.3d at 103. Accordingly, "'there is little support in the caselaw for the proposition that reliance is a required element in the Second Circuit.'" Coffaro v. Crespo, 721 F. Supp. 2d 141, 147 (E.D.N.Y. 2010) (quoting A.I. Trade Fin., Inc. v. Centro Internationale Handelsbank AG, 926 F. Supp. 378, 389 (S.D.N.Y. 1996)).

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is directed to terminate the motion at docket number 40 and close this matter.

Dated: New York, New York
April 22, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

4